UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RACHEL E. STEWART,**<br><br>                              Plaintiff,<br>   -vs-<br><br>**H&P CAPITAL, INC.**<br><br>                              Defendant. | *Civil Action No.* _____ |

### COMPLAINT & DEMAND FOR JURY TRIAL

#### INTRODUCTION

1. Plaintiff Rachel E. Stewart brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

#### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

#### PARTIES

4. Plaintiff Rachel E. Stewart is a natural person residing in the City of Buffalo, County of Erie, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant H&P Capital Inc., (hereinafter "H&P Capital") is a corporation organized and existing under the laws of the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

**FACTUAL ALLEGATIONS**

8. That in 2004, Plaintiff Rachel E. Stewart incurred and later defaulted on a "pay-day" loan debt owed to Check & Go.  Said debt will hereinafter be referred to as "the subject debt."

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. Upon information and belief, Defendant H&P Capital thereafter purchased the subject debt account following Plaintiff's default.

11. That beginning in or about December of 2008, Defendant H&P Capital began calling Plaintiff Rachel E. Stewart in an attempt to collect on the subject debt.

12. That on or about December 23, 2008, Defendant H&P Capital called Plaintiff Stewart and left a message on her cellular telephone.  Said message directed Plaintiff Stewart to immediately return the Defendant's telephone call regarding "an urgent matter."  Defendant thereafter concluded said message by saying "Good luck."

13. That at no time during the aforementioned message did Defendant H&P Capital provide Plaintiff Stewart with meaningful disclosure of the Defendant's identity, nor did Defendant inform Plaintiff Stewart that the communication was from a debt collector.

14. That upon hearing the message described in paragraphs 13 and 14 above, Plaintiff Stewart returned Defendant's telephone call.  Plaintiff ultimately spoke with an individual who identified himself as "Jason Powers."  During said telephone conversation, Mr. Powers informed Plaintiff Stewart that he was attempting to collect the subject debt and that Plaintiff had until 1:00 p.m. that day to pay the debt in full in order to prevent Defendant H&P Capital from taking legal action against her.

15. That upon hearing Mr. Power's aforementioned statements, Plaintiff Stewart requested, and was ultimately refused, any documentation identifying the Defendant and the underlying subject debt.

16. That Mr. Powers thereafter proceeded to inform Plaintiff Stewart that if she did not pay the subject debt, Defendant would send someone to Plaintiff's home on the following Monday.  Plaintiff Stewart asked Mr. Powers if that meant she would be arrested, to which he replied, "Yes, that could happen."

17. That upon hearing Defendant's aforesaid representation that she could be arrested for non-payment of the subject debt, Plaintiff Stewart explained that she was unemployed and offered to make monthly payments.  Mr. Powers told Plaintiff Stewart that her offer was "unacceptable" and then stated that he would "release [Plaintiff's] file to the proper authorities" unless she paid $300.00 by the following Monday.

18. That despite Mr. Power's aforementioned representations, Defendant H&P Capital had no intent or authority to take legal action against Plaintiff Stewart, nor did they have the authority to arrest her for non-payment of the subject debt.

19. That following the conclusion of the telephone conversation described in paragraphs 14 through 18 above, Plaintiff Stewart became extremely upset, began pacing back and forth and started to cry.  Plaintiff's boyfriend, Michael Mason, who was present at the time, asked Plaintiff what was wrong, to which Plaintiff Stewart replied, "I could be in jail by Monday."

20. That Plaintiff Stewart was so afraid that she could be arrested by Defendant H&P Capital on the following Monday, that she thereafter contacted Defendant and agreed to pay H&P Capital the money she would have otherwise used for her next month's rent.  Again, because Plaintiff Stewart was denied any information regarding the Defendant's identity and/or contact information, Plaintiff was directed to make payment by MoneyGram, which she made on December 27, 2008.

21. That in or about January of 2009, Defendant H&P Capital once again called and left a message for Plaintiff Stewart on her cellular telephone.  Said message once again directed Plaintiff to return Defendant's telephone call regarding "an urgent matter."

22. That Plaintiff Stewart thereafter returned Defendant's telephone call and was ultimately transferred to an individual who identified himself as "Mr. Hoffman."  Mr. Hoffman told Plaintiff Stewart that he was willing to work with her, but then proceeded to state that "the only way to keep [Plaintiff's] account in the office" would be to continue making payments on the subject debt.

23. That Plaintiff Stewart took Mr. Hoffman's statement, in light of Mr. Power's earlier statements, to imply that her failure to pay the subject debt could once again result in her arrest.

24. That on or about February 18, 2009, Plaintiff Stewart called Defendant following receipt of yet another message on her cellular telephone.  This time, Plaintiff Stewart spoke with an individual who identified himself as "Mr. Keith."  Mr. Keith advised Plaintiff Stewart that she needed to pay the subject debt in full "immediately."  Plaintiff replied that she could not

3

afford to do so because she was unemployed and explained that it was difficult to find work because of the poor state of the economy. Mr. Keith nastily replied that "the economy is more difficult on the banking industry and they want their money." Plaintiff Stewart once again stated that she could not afford payment in full and ended the telephone conversation.

25. That on or about February 20, 2009, Defendant H&P Capital once again called and left a message on Plaintiff's cellular telephone. Said message provided that it was a call from "Mr. White" of "The Offices of H&P" and that a return telephone call was needed "today." Defendant continued, "If I do not hear from you today, I will document this as a flat refusal to cooperate," and ended said telephone call by saying "Good luck."

26. That on or about February 25, 2009, Defendant once again called Plaintiff Stewart's cellular telephone and left another message for her regarding the subject debt. Said message once again provided that it was Mr. White calling from "The Offices of H&P," regarding an "outstanding matter in my office." Defendant once again ended said message by telling Plaintiff Stewart, "Good luck."

27. That at no time was Plaintiff Stewart ever provided written notice of the subject debt, as required by 15 U.S.C. §1692g.

28. That during all of the events described in this Complaint, it is believed that Defendant H&P Capital was not registered and/or licensed to collect debts from individuals in Buffalo, New York.

29. That as a result of Defendant H&P Capital's conduct, Plaintiff Rachel E. Stewart became extremely worried, upset, nervous, anxious, suffered from both a loss of appetite and a loss of sleep, and otherwise suffered from emotional distress.

## Cause Of Action

30. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

31. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse Plaintiff Stewart by informing her that she could be arrested for non-payment of the subject debt, that legal action would be taken against her unless she paid the subject debt by 1:00 p.m., and by repeatedly informing her that payment was needed "immediately" in order to avoid legal action.

32. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(6) by repeatedly placing telephone calls to Plaintiff Stewart's cellular telephone without providing meaningful disclosure of the Defendant's identity.

33. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(a), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by repeatedly using false, misleading and/or deceptive practices in an attempt to collect the subject debt by leading Plaintiff Stewart to believe that she could be arrested for non-payment of the subject debt, that Defendant would take legal action against her if she failed to pay, by improperly identifying itself as "The Offices of H&P" when Defendant's true corporate name is H&P Capital, Inc.

34. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to disclose in the initial communication with Plaintiff Stewart that the debt collector is "attempting to collect a debt and that any information obtained will be used for that purpose" and by failing o disclose in all subsequent communications that the communication was from a debt collector.

35. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by repeatedly refusing to provide Plaintiff Stewart with Defendant's proper business name and address, by attempting to collect a debt from Plaintiff Stewart despite the fact that Defendant is not registered to collect debts in Buffalo, New York, and by otherwise using unfair means in an attempt to collect the subject debt.

36. Defendant violated 15 U.S.C. §1692g(a)(1), 15 U.S.C. §1692g(a)(2), 15 U.S.C. §1692g(a)(3), 15 U.S.C. §1692g(a)(4) and 15 U.S.C. §1692g(a)(5) by failing to provide Plaintiff Stewart written notice of the subject debt.

37. Because of the Defendant's various aforementioned violations of the FDCPA, Plaintiff became extremely worried, upset, nervous, anxious, suffered from both a loss of appetite and a loss of sleep, and otherwise suffered from emotional distress.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rachel E. Stewart respectfully requests that this honorable Court enter judgment against Defendant H&P Capital for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

## Jury Demand

Please take notice that Plaintiff Rachel E. Stewart demands a trial by jury in this action.

Date: March 2, 2009

/s/Frank J. Borgese, Esq.
Frank J. Borgese, Esq.
Kristin J. Graham, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
716.200.1520
FBorgese@GrahamLawPC.com